IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| 1.   ARTHUR A. PRICE, | ) | |
| | ) | |
|         Plaintiff, | ) | |
| v. | ) | CIV-16- 1416-HE |
| | ) | |
| 1.   DEALERS AUTO AUCTION OF OKC, | ) | |
| 2.   DEALERS AUTO AUCTION OF OKLAHOMA CITY, INC., and | ) | |
| 3.   DEALERS AUTO AUCTION OF OKLAHOMA CITY, LLC, | ) | |
| | ) | JURY TRIAL DEMANDED |
|         Defendants. | ) | ATTORNEY LIEN CLAIMED |

## COMPLAINT

**COMES NOW** the Plaintiff, Arthur A. Price, and for his Complaint against the Defendants alleges and states as follows:

### PARTIES

1. Plaintiff, Arthur A. Price, is an adult male resident of Oklahoma County, Oklahoma.

2. The Defendants are:

(a) Dealers Auto Auction of OKC, an entity doing business in Oklahoma County, Oklahoma;

(b) Dealers Auto Auction of Oklahoma City, Inc., an entity doing business in Oklahoma County, Oklahoma; and

(c) Dealers Auto Auction of Oklahoma City, LLC, an entity doing business in Oklahoma County, Oklahoma.

### JURISDICTION AND VENUE

3. This is a cause of action arising out of Plaintiff's former employment with Defendants and is based on a claim of age discrimination and retaliation in violation of the

Age Discrimination in Employment Act ("ADEA").

4. Jurisdiction over Plaintiff's federal causes of action is vested in this Court under 28 U.S.C. § 1331.

5. Plaintiff has exhausted his administrative remedies as to the above-listed claims by timely filing a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"). Plaintiff filed his Intake Questionnaire on or about April 28, 2016. He filed his Charge on or about May 4, 2016 and an Amended Charge on or about May 12, 2016. Plaintiff received his Dismissal and Notice of Rights letter from the EEOC dated September 14, 2016 (received via mail thereafter) and has timely filed this action within ninety (90) days of receipt of his notice of right to sue.

6. The Defendants are located in Oklahoma County and all acts complained of occurred in or around Oklahoma County. Oklahoma County is located within the Western District of the United States District Court of Oklahoma. Thus, venue is proper in this Court under 28 U.S.C. § 1391(b).

## STATEMENT OF FACTS

7. Plaintiff was born in 1954, making him over age 40 at all times relevant hereto.

8. Plaintiff previously worked for Defendants as a Lane Supervisor from in or around 2001 until early 2005. During this time, Plaintiff performed his job satisfactorily with no discipline.

9. In or around June 2015, Plaintiff was approached by Sales Manager Dennis Reeves about returning to work with Defendants as a Lane Supervisor. Reeves stated that a Lane Supervisor position was not yet available, but that Plaintiff could work in Prep until the Lane Supervisor position opened up. Plaintiff told Reeves he would need training to perform the Prep position, as he had not worked this job previously. Reeves represented to

Plaintiff that this was acceptable, and therefore, Plaintiff put in his job application and was immediately hired as a Prep Worker in Defendants' Body Shop on or about June 28, 2015.

10. Plaintiff reported to his first day of work on or about July 1, 2015. At that time, Plaintiff was not provided any training for the Prep position. Such position required Plaintiff to prepare vehicles to be presented at auction. Despite the lack of training, Plaintiff performed his job duties to the best of his ability.

11. On or about July 7, 2015, Plaintiff was told by Operations Manager Charles Hilton (who is significantly younger than Plaintiff) that the Prep department was slow and to speak with Security Supervisor Ernest Patrick about a new assignment. Patrick offered Plaintiff a position in Housekeeping or as a Gate Guard. Plaintiff accepted the Gate Guard position.

12. Plaintiff asked the Prep Supervisor, Curtis Perrington (who is significantly younger than Plaintiff), why Plaintiff was no longer assigned to the Prep area. Perrington stated that Plaintiff was too old to work in Prep, that Perrington needed younger guys in that position, and that Perrington did not want to "throw [Plaintiff] to the wolves" by allowing him to continue working the position.

13. In addition to being age-motivated, the transfer to Gate Guard resulted in a future pay loss for Plaintiff. Particularly, once his Prep training would have been completed, he would have earned commission between around $1700-1900 every two (2) weeks. However, as a Gate Guard, Plaintiff earned only $9.00 an hour.

14. As a Gate Guard, Plaintiff was still required to interact with Perrington who continued to harass Plaintiff based on his age. For instance, on or about July 30, 2015, Perrington told Plaintiff that Plaintiff was too old to work double shifts. Perrington also stated that Plaintiff would need to go home and sleep after working one shift. Plaintiff told

Perrington that Plaintiff was still young and fully capable of working double shifts.

15.     Perrington also wrongfully accused Plaintiff of wrongdoing.  For instance, Perrington accused Plaintiff of leaving the gates, doors and windows of the Prep area open, when Plaintiff had not.  Perrington also chastised Plaintiff for allegedly smoking too close to doorways.  However, Perrington did not treat younger employees who engaged in this conduct in this fashion.

16.     On or about July 30, 2015, a significantly younger individual was hired to replace Plaintiff in the Prep area.

17.     Plaintiff spoke with Patrick about Perrington's negative treatment and ageist comments.  Patrick told Plaintiff that Perrington was sarcastic and Plaintiff would "just have to deal with it."

18.     In or around early August 2015, Patrick asked Plaintiff when Plaintiff would retire and begin drawing social security benefits.  Plaintiff told Patrick he was too young to draw social security and did not plan on retiring any time soon.

19.     In or around late August 2015, Plaintiff was told by Body Shop worker Dean L. (last name unknown) to watch his (Plaintiff's) back because "they" were trying to find a reason to get rid of Plaintiff.  Plaintiff asked Dean what initiated this comment and whether Perrington was involved, however, Dean would not provide any further details.

20.     Based on these events, Plaintiff submitted a written complaint to Human Resources Manager Jona O'Hagan (who is significantly younger than Plaintiff) in or around September 2015.  In his complaint, Plaintiff told O'Hagan that he was removed from the Prep position because of his age and notified O'Hagan of Perrington's discriminatory comments.

21.     O'Hagan told Plaintiff she would look into his concerns.  However, Plaintiff was not notified of any investigation or results of any potential inquiry.

22.     On or about April 18, 2016, Plaintiff was removed from his Gate Guard position and moved to a Housekeeping position in the Leeway area. Plaintiff was told by Patrick that the demotion was a result of Plaintiff allegedly having too many confrontations with other employees.

23.     Plaintiff told Patrick that, as a Gate Guard, Plaintiff was only trying to enforce Defendants' rules and procedures related to traffic on Defendants' lots. Patrick acknowledged that Plaintiff had not done anything wrong, but that Patrick felt it was in the company's best interest to move Plaintiff to the main lot in a Housekeeping position.

24.     The proffered reason for demotion was merely pretext for unlawful discrimination based on Plaintiff's age and in retaliation for his age discrimination complaints.

25.     Assigning Plaintiff to a Housekeeping position significantly changed the terms and conditions of Plaintiff's employment. Particularly, Housekeeping is a custodial position which requires heavy labor, such as picking up and taking out trash, cleaning bathrooms, mopping floors, clearing mud and debris, etc. Despite this, Plaintiff performed the job satisfactorily.

26.     Due to the aforementioned conduct, Plaintiff filed an intake questionnaire with the EEOC on or about April 28, 2016 based on age discrimination and retaliation.

27.     Plaintiff was employed in the Housekeeping position until his wrongful termination on or about August 31, 2016.

28.     Upon information and belief, Plaintiff's job duties were assumed by one or more individuals who are significantly younger than Plaintiff.

29.     As a direct and proximate result of Defendants' actions, Plaintiff has suffered the injuries described hereafter.

## COUNT I:  ADEA

For his first cause of action, Plaintiff incorporates all prior allegations and further alleges and states as follows:

30. The matters alleged above constitute violations of the ADEA in the form of age discrimination and retaliation.

31. Plaintiff is entitled to relief because he was removed from the Prep position due to his age, as stated by his supervisor Curtis Perrington.

32. Plaintiff is further entitled to relief because, at all times relevant to this action, he was over the age of forty (40), was qualified for his job, he was removed from the Prep position and gate guard positions, and in both instances his job was not eliminated.  Rather, his duties were assumed by significantly younger individuals.

33. Plaintiff is further entitled to relief because he engaged in protected activity, suffered an adverse employment action by being moved to a housekeeping position, *inter alia*, and a causal connection exists between Plaintiff's protected activity and the subsequent adverse employment actions.

34. As damages, Plaintiff has suffered lost earnings, past and future, and other equitable and compensatory damages allowed by the Civil Rights Act of 1991.  Plaintiff is also entitled to liquidated damages based upon Defendants' willful misconduct.

## REQUEST FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests this Court enter judgment in favor of the Plaintiff and against Defendants and award compensatory damages, liquidated damages, together with any appropriate equitable relief, pre- and post-judgment interest, costs and attorney's fees.

Respectfully submitted this 12th day of December, 2016.

s/ Jana B. Leonard
**JANA B. LEONARD, OBA # 17844**
**LAUREN W. JOHNSTON, OBA # 22341**
**LEONARD & ASSOCIATES, P.L.L.C.**
**8265 S. Walker**
**Oklahoma City, Oklahoma 73139**
**(405) 239-3800 (telephone)**
**(405) 239-3801 (facsimile)**
**leonardjb@leonardlaw.net**
**johnston@leonardlaw.net**

**ATTORNEY LIEN CLAIMED**
**JURY TRIAL DEMANDED**
